On Rehearing
 

 HAWTHORNE, Justice.
 

 This is a mandamus proceeding in which the Town of Bossier City, relying on the provisions of Section 3 of Act No. 24 of
 
 1870,
 
 seeks to compel the parish tax collect- or to pay over to it the proceeds of a special two-mill tax levied for road purposes on property located in Ward 2 of Bossier Parish, the ward in which the town is situated.
 

 Since all parties concede that the facts of the case were correctly stated in our original opinion rendered in this matter and filed
 
 on
 
 November 12, 1946, it would serve no useful purpose to reiterate them here.
 

 In our original opinion we reversed the judgment of the lower court, made peremptory the alternative writ of mandamus, and directed L. H. Padgett, sheriff and ex officio tax collector of Bossier Parish, to make an appropriate accounting of, and to pay and deliver to relator, Town of Bossier City, pursuant to Section 3 of Act No. 24 of 1870, the funds collected from taxes levied under Ordinance No. 139 of 1945 of the Bossier Parish Police Jury against the property situated within the limits of the Town of Bossier City, less the expense of collecting. Our decree also rejected the demands of intervener, Police Jury of Bossier Parish, which had filed a petition of intervention and third opposition disputing the right of the Town of Bossier City to the proceeds claimed, alleging that it, the police jury, was entrusted with the custody and control of all the funds derived from the special two-mill road tax, and praying that the demands of relator be ejected. Our decree also overruled the exceptions of no right and no cause of action filed by re
 
 *618
 
 spondent, the sheriff and ex officio tax collector of Bossier Parish.
 

 Counsel for respondent and intervener in their application for rehearing and in brief submitted in support thereof contended that Section 3 of Act No. 24 of 1870 is repugnant to the provisions of Article 202 of the Constitution of 1879, which article has corresponding provisions in Article 224 of the Constitutions of 1898 and 1913 and in Article X, Section 5, of the Constitution of 1921. In support of this contention they called our attention, for the first time, to the case of State ex rel. Town of Mansfield v. Police Jury of DeSoto Parish, 47 La. Ann. 1244, 17 So. 792.
 

 They further stated that the suit was resisted in the lower court on the grounds (1) that Section 3 of Act No. 24 of 1870 was unconstitutional, and (2) that the provisions of this act, its constitutionality being conceded, could not apply to the tax in question. Counsel then said that the lower court based its judgment on their second contention, and that they, in an attempt to have this judgment sustained, failed in argument and in brief on original hearing before this court to stress adequately their contention that the act was unconstitutional.
 

 Counsel were entirely correct in stating that they failed to urge adequately the unconstitutionality of Section 3 of the act, either in brief or in argument before this court, prior to the rendition of our original opinion herein, and, further, that they cited for the first time in their application for rehearing the Mansfield case, supra, which case they contended on rehearing is decisive.
 

 As a matter of fact, a rehearing was granted in this case solely for the reason that counsel on application for rehearing stressed their contention that the act was unconstitutional, citing and calling to our attention in support of this contention the Mansfield case, a case which they had failed to cite before.
 

 At the time Act No. 24 of 1870 was adopted, the 'Constitution of 1868 was in effect. This Constitution contained no provision authorizing the levying of a special tax by municipalities for road purposes, nor was there any prohibition contained therein to the levying of such taxes. We have been unable to find any general act applicable to all municipalities within the state passed prior to the adoption of Act No. 24 of 1870, nor has any been pointed out to us, authorizing and empowering municipalities of this state to levy a special tax for the building, construction, and maintenance of streets and roads. Apparently this power was exercised exclusively by the police juries of the state, for by Act No. 197 of 1867 the Legislature authorized the police juries of the several parishes throughout the state to levy and collect a road tax per capita on all male inhabitants over the age of 18 years and under the age of 45 years in the parishes, provided that this tax should not exceed $15.00 per annum on each person liable therefor, the fund arising from the
 
 *620
 
 collection of said tax to be exclusively applied by the police juries for the purpose' of keeping the roads in the parishes in good condition. This act, however, was repealed by Section 1 of Act No. 24 of 1870.
 

 It is true that municipalities had the authority, under Act No. 108 of 1869, to assess the front of each owner’s property for one-third of the cost of certain pavement, known as the patent Nicolson pavement, but it can be readily seen that this act authorized an assessment against the property to be paid by the property owners and not a special tax within the meaning of Act No. 24 of 1870.
 

 There being no general statute which authorized municipalities throughout the state to levy a special tax for road purposes at the time of the adoption of Act No. 24 of 1870, the reason for permitting municipalities to share in such a tax levied by the police juries of the state under Act No. 24_ of 1870 becomes evident since the municipalities themselves could not levy taxes for • road purposes. Hence they were authorized by this legislative act to use those collected by the police juries on property within their respective municipal limits, less the expense of collection. This provision of the act did not violate any provision of the Constitution of 1868.
 

 Article 202 of the Louisiana Constitution of 1879 read as follows:
 

 “The taxing power may be exercised by the General Assembly for State purposes, and by parishes and municipal' corporations, under authority granted to theftr by the General Assembly, for parish and-, municipal purposes.”
 

 Article 209 of that Constitution provided: “* * * no parish or municipal tax for all purposes whatsoever shall exceed ten mills on the dollar of valuation;
 
 provided,
 
 that for the purpose of erecting and constructing public buildings, bridges and works of public improvement in parishes and municipalities, the rates of taxation herein limited may be increased when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the property taxpayers of such parish or municipality entitled to a vote under the election laws of the State, and a majority of same voting at such election shall have voted therefor.”
 

 Pursuant to these provisions of that Constitution, the General Assembly in 1882 adopted Acts Nos. 41 and 126, which authorized and permitted municipalities and police juries to levy taxes for public improvements, such as roads, etc. Since by these acts the municipalities could levy their own taxes for road purposes, the need for Section 3 of Act No. 24 of 1870 no longer existed.
 

 Article 202 of the Constitution of 1879, quoted hereinabove, the provisions of which were not found in the Constitution of 1868, clearly separated the taxing powers of parishes and municipalities, and under
 
 *622
 
 •its provisions neither political subdivision could tax for the benefit of the other. This being so, Section 3 of Act No. 24 of 1870 is repugnant to the provisions of Article 202 of the 1879 Constitution, and is now without force and effect, since the provi.sions of this article, as pointed out herein-above, are found in the Constitutions of 1898, 1913, and 1921.
 

 Respondent and intervener cite and rely on the case of State ex rel. Town of Mansfield v. Police Jury of DeSoto Parish, 47 La.Ann. 1244, 17 So. 792. In that case, the Town of Mansfield was seeking a writ of mandamus directing and commanding the Police Jury of DeSoto Parish to comply with the provisions of Act No. 165 of 1894, and directing it to require the collector and treasurer and other officers therein named to keep a separate record of the taxes, licenses, and other moneys collected by the parish on all properties, businesses, trades, professions, and occupations situated in or carried on within said town, and to keep a separate record of the expenses of the town, as specified in the act.
 

 The act provided that any incorporated city or town of the state, through its mayor or any other person authorized by its council, should have the right to demand and have paid over to it by the police jury the parish all the licenses collected annually by the parish on all businesses, trades, professions, and occupations carried on within said city or town, less the criminal and public school expenses paid out by the parish on account of the city or town. The act further provided that, upon demand of the mayor, or of any other person' authorized by the council, made to the police jury of the parish, the police jury should grant the demand and should advise its collector and treasurer of the demand and instruct them that all taxes, licenses, and other moneys collected by the parish on all properties, businesses, trades, professions, and occupations situated in or carried on within said city or town should be kept separate from all other funds and not paid out except as provided in the act; and provided also that the police jury should pay the criminal and other expenses named in the act, which were occasioned by the municipality, out of the taxes collected on properties situated in said city or town; or, if these amounts were not sufficient, a sufficient amount should be taken from the license fund collected from the city or town to make up the deficit, and the police jury should pay the balance, if any, of the licenses collected to the municipality.
 

 The police jury in that case answered, alleging that Act No. 165 of 1894 could not be enforced because it was in direct conflict with Articles 56, 202, and 204 of the (1879) Constitution.
 

 The lower court held that the act in question was violative of, and contrary to, the provisions of Article 202 of the Constitution, refused to grant the mandamus, and rendered judgment setting aside the alter
 
 *624
 
 native writ. This court in affirming the judgment stated:
 

 “The District Judge, in rendering his opinion, said: ‘The only question under this article (202) would seem to be whether the grant of power to the parishes and municipal corporations, for parish and municipal purposes means that they can exercise this power for each other and each for itself. Can the parishes exercise the taxing power for municipal purposes and municipal corporations exercise it for parish purposes ? Such, I think, was not the intention of the framers of the organic law. It is such an extraordinary proposition that each could be authorized by the General Assembly to exercise the taxing power for the benefit of the other, that such a conclusion could only be reached when supported by a plain and unambiguous provision of the Constitution. It seems to the court that the contrary is the plain meaning of the article above quoted, and that the Legislature is without warrant or right, under the Constitution, to require or authorize the police jury to exercise the taxing power for the use of municipal corporations of the parish as is evidently the purpose and effect of this Act, No. 165, under discussion. The taxing power is a most important one, and should be guardedly kept within the Constitutional limitations, and perhaps one of the best protections, both to the public service on the one hand, and to the taxpayer on the other, is the rule firmly imbedded in our constitutions for -many years, that the same power should impose the tax and control its expenditure.’
 

 “We agree in opinion with the District Judge that the framers of the Constitution intended to keep separate and distinct the taxing power of the State, that of the perishes and that of the municipal corporations; that they never intended, in declaring that this power should be exercised by the parish and municipal corporations 'under authority granted to them by the General
 
 Assembly/
 
 that this authority should extend to empowering either o.f them to do so for purposes other than those in which each was directly concerned. It is easy to see that through this act the taxing power of the towns could be supplemented by that of the parishes for town purposes."
 
 (Italics ours.)
 

 In Webster v. Police Jury of the Parish of Rapides, 51 La.Ann. 1204, 25 So. 988, 989, this court in discussing the decision in the Mansfield case had this to say:
 

 “* * * In that case the questions to be determined were whether article 202 of the constitution of 1879 should be construed as authorizing the parish to collect taxes for the purposes of the parish, and also for the purposes of municipal corporations within the parish, or whether that article meant that' the parish should levy and collect parish taxes for parish purposes alone. And, the court having reached the conclusion that the article meant that the parish should collect taxes for parish purposes alone, the next and only remaining question
 
 *626
 
 was, whether it was competent for the general assembly, in view of such a constitutional provision, to require that parish taxes thus collected for parish purposes should be turned over to a municipality for municipal purposes, which question was decided in the negative.”
 

 A.n annotation appearing in 46 A.L.R. 609, published in 1927, shows at page 664 that the editors of this text recognized the Mansfield case as authority for the proposition that “Art. 202, La.Const.1879, was designed to keep separate and distinct the taxing power of the state, of the parishes, and of municipal corporations, and parish officers cannot, it seems, under the article, be either authorized or compelled to levy and collect taxes which may be used for the purposes ■of municipal corporations within them.” See also comments on this case at pages 656 and 678 of the same annotation.
 

 In our opinion the Mansfield [47 La.Ann. 1244, [17 So. 792] case is decisive of the question presented in the case now before us. It is true that counsel for the Town of Bossier City attempt to distinguish the two cases, seizing upon the sentence quoted by this court from the district judge’s opinion in that case that “It will be observed that the statute does not contemplate that any portion of the
 
 taxes
 
 derived from town property should ever be turned over to the town”. The district judge in that sentence was merely commenting on the provisions ■of the particular statute there under consideration and was not attempting to distinguish that case from one in which taxes from town property are involved, as shown by the statement of this court in that opinion that “We agree in opinion with the district judge that the framers of the constitution intended to keep separate and distinct the taxing power of the state, that of the parishes, and that of the municipal corporations”.
 

 Counsel for the Town of Bossier City point out that certain language found in Act No. 65 of the Extra Session of 1921 must have reference to Act No. 24 of 1870. Counsel no doubt allude to that portion of the 1921 act which reads as follows: “Provided further that this Act shall not prejudice the right of any municipality to demand the return of any taxes for road purposes to which it may be entitled under existing laws.” Even if the Legislature were referring to Act No. 24 of 1870, it is of no consequence to us in this decision, for in our opinion Section 3 of Act No. 24 of 1870 was rendered unconstitutional and inoperative by Article 202 of the Constitution of 1879, and the Legislature could not, even if it had been referring to the 1870 act, breathe life into a statute which is clearly unconstitutional.
 

 For the reasons assigned, it is now ordered that our original decree rendered herein be recalled and set aside, and that the judgment of the district court be affirmed. Costs of these proceedings insofar as allowed by law are to be paid by relator, Town of Bossier City. The right to apply for a rehearing is reserved to all litigants.
 

 
 *628
 
 HAMITER, J., concurs and assigns written reasons.